UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| DAVID GOLDEN<br>2173 San Moritz Circle, Suite 103<br>Herndon, VA 20712<br><br>      Plaintiff,<br><br>vs.<br><br><br>MANAGEMENT & TRAINING<br>CORPORATION<br>500 N. Marketplace Drive<br>Centerville, UT 84014<br><br>Serve: CT Corporation Systems<br>       1015 15th Street, N.W., Ste 1000<br>       Washington, D.C. 20005<br><br>And<br><br>CHUGACH GOVERNMENT<br>SOLUTIONS, INC., a/k/a CHUGACH<br>FEDERAL SOLUTIONS<br>3800 Centerpoint Drive, Suite 1200<br>Anchorage, AK 99503<br><br>Serve: CT Corporation Systems<br>       1015 15th Street, N.W., Ste 1000<br>       Washington, D.C. 20005<br><br>      Defendants. | Civil Action No.: _____<br><br>JURY TRIAL DEMANDED |

## COMPLAINT
### (Retaliation)

1. Plaintiff, David Golden, brings this civil action pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e -16(c), alleging that he has been a victim of retaliation after engaging in protected activity.

## JURISDICTION

1

2. This Court has jurisdiction over the subject matter of this civil action pursuant to 42 U.S.C. 2000e-16(c). Plaintiff has fully exhausted his available administrative remedies by lodging a formal charge against Defendants with the United States Equal Employment Opportunity Commission (EEOC Charge No. 570-2016-00836) and filing this complaint for retaliation against them within ninety (90) days of receiving his Right to Sue Letter. A copy of the letter is attached herein.

**VENUE**

3. Venue is proper in this judicial district as the conduct giving rise to the claim made herein occurred in the District of Columbia.

**PARTIES**

4. Plaintiff, David Golden, (hereinafter "Mr. Golden" or "Plaintiff"), is a 64 year old, African-American male, citizen of the United States and resident of the state of Virginia. During the period that gives rise to this litigation, he was employed by Defendant Management & Training Corporation as a career and technical training manager at the United States Department of Labor Potomac Job Corps facility in the District of Columbia. His job location was No.1 DC Village Lane, S.W. Washington, D.C. 20032.

5. Defendant Management & Training Corporation ("MTC") is a private company that contracts with the United States Department of Labor through its Job Corps program to provide academic and technical training to young ex-criminal offenders so they can find meaningful jobs to earn a living and become part of the community. It assists young disadvantaged persons in their transition from incarceration to community placement. MTC is incorporated under the laws of Utah and has more than 9000 employees worldwide in four divisions – (1) Education & Training, (2) Corrections, (3) Medical and (4) Economic & Social Development. As a

subcontractor under Defendant Chugach Corporation, MTC assists in the management of the Potomac Job Corps facility in the District of Columbia.

6. Defendant Chugach Government Solutions ("Chugach") is an Alaska corporation that provides operations, training, management, and maintenance services on behalf of the U.S. Department of Labor Job Corps Program throughout the United States. As a general contractor, it is also responsible for career training and education of ex-offenders. With the assistance and understanding of Defendant MTC, its human resources director at the Corps site – Grace Jabril - oversaw the duties and responsibilities of MTC's hired staff including Plaintiff.

## FACTUAL BACKGROUND

7. On or about May 2009, Plaintiff was hired by MTC as a career and technical training manager at the Potomac Job Corps Facility (the "Corps"). His primary responsibilities consist of training ex-offenders in the areas educational training, plumbing and culinary arts. He worked in this capacity until his termination on or about July 2015.

8. Job Corps is a program administered by the United States Department of Labor that offers free-of-charge education and vocational training to young men and women. It offers a high school diploma program, a GED program, an ESL program, advanced training and co-enrollment opportunities, in addition to vocational training programs such as bricklaying, business technologies, carpentry, cement masonry, electrician training, facilities maintenance, food service, health occupations, landscape technician, painter, plasterer, plumbing, security officer training and transportation.

9. Beginning in 2011, Plaintiff began to complain and voice his concerns to his supervisors employed by Chugach and MTC that his teaching staff at the Corps was not getting

the administrative support needed to continue to competently train the ex-offenders that were under his purview.

10. Plaintiff's complaint to his supervisors at MTC and Chugach included but were not limited to the following: (1) students were going six to eight months without a qualified instructor; (2) overcrowded classrooms; (3) lack of budget allocation for specific projects; (4) Defendants' refusal to provide proper training opportunities to Plaintiff and his staff; yet providing the same opportunity to other staff members; (5) Defendants' refusal to hire qualified staff; (6) Defendants' failure to process purchase orders requested by Plaintiff's staff; (7) failure to monitor construction work performed at Potomac Job Corps by outside contractors; (8) lack of inventory control of equipment at the Corps' facility; (9) Defendants' refusal to order equipment for students and staff members; (10) Defendants' failure to provide a budget; (10) failure to prepare budget; (11) failure to provide air-conditioning in classrooms during summer months; (12) failure to provide heat in classrooms during the winter months; (13) failure to provide working computers for students in the classrooms.

11. Despite receiving satisfactory performance appraisals from his supervisors at MTC, Plaintiff was placed on a Performance Improvement Plan ("PIP") in 2012 by his then MTC supervisor Majeeda Aljabar for his alleged failure to obtain certifications for his students at the Corps. This was done despite the fact that he maintained a satisfactory rating on his performance appraisal for that year.

12. On or about October 16, 2013, Plaintiff filed an internal EEO complaint with MTC's Potomac Job Corps EEO coordinator Edwin Crenshaw for age discrimination and "hostile work environment" for its failure to address his referenced concerns (in para. 9) as well as his erroneous placement on a PIP in 2012.

4

13.     In 2015 while the investigation into Plaintiff's EEO complaint was supposedly on-going, Plaintiff was placed on a second PIP by his second supervisor at MTC – Edwin Stroman - despite again maintaining a satisfactory performance rating for the year.

14.     On or about July 2015, Plaintiff was terminated by MTC for allegedly not successfully completing the requirements of the PIP despite again receiving a satisfactory rating from Mr. Stroman during the year that the PIP was conveyed.

## COUNT I
### (Retaliation)

15.     Plaintiff incorporates by reference paragraphs one through fourteen of this Complaint.

16.     That on October 16, 2013, Plaintiff filed an EEO internal complaint with the Defendant MHC for age discrimination, hostile work environment and general retaliation.

17.     That as a direct and proximate result of filing an internal complaint for age discrimination and hostile work environment, Defendants MTC and Chugach, against public policy, retaliated against Plaintiff by (1) erroneously placing Plaintiff on a PIP and terminating him despite his satisfactory ratings on his yearly performance appraisals.

18.     That as a direct result of Defendants' retaliation against Plaintiff, he suffered loss of back pay and incurred emotional pain and suffering.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays that this Court enter judgment in his favor and against the Defendants on the claims brought herein and provides him with the following relief:

1.     Enter judgment in Plaintiff's favor and against Defendants on the retaliation claim contained in this civil action;

2. Award Plaintiff compensatory damages against Defendant to the maximum allowed under Title VII of the Civil Rights Act of 1964 (with interest).

3. Award Plaintiff back pay;

4. Award Plaintiff his costs of bringing and maintaining this civil action and including reasonable attorneys' fees, pursuant to 42 U.S.C. § 2000e-5(k);

5. Award such other and further relief as the Court may deem just and appropriate.

Respectfully submitted,

/s/ Jason C. Crump

_____

Jason C. Crump, Bar No. 465205
**SMITH GRAHAM & CRUMP, LLC**
9701 Apollo Drive, Suite 495
Largo, MD 20774
Tel. (301) 925-2001
Fax (301) 925-2540
jcrump@smithgrahamcrump.com

## **DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury as to all issues herein.

/s/ Jason C. Crump

_____

Jason C. Crump